CHARLES J. SCHUCK, JUDGE.
Claimants Zora Starcher, Bessie Starcher Cahill and Nora Starcher Rexroad are the owners of a tract of land or farm comprising about forty-two acres located on or along Straight Run of Fink Creek in Freeman’s Creek district, Lewis county. A state secondary road passes through part of the meadowland of the acreage and also through the better part of the farm which is adjacent to the said road; it is a public road under the control of the state road commission and traverses claimants’ farm for a distance of approximately a quarter of a mile. Sometime previous to the spring of 1939 a slip of the road along the said farm occurred, covering claimants’ land for an area variously estimated from six-tenths to three-quarters of an acre; which part so covered was meadowland, used for grazing and hay producing purposes and considered as part of the best land in the said farm. The slip also destroyed about four hundred feet of fencing along the road which had *55 been constructed or erected a number of years before at the time when the father of claimants was still living and in control of the farm.
Another slip occurred at about the same place as the first, in 1942, which required the reconstruction of the road and which reconstruction seems to have cured the difficulty with reference to the maintenance and stability of the road, as no further slips have occurred to injure or damage claimants’ land.
' The road commission’s efforts to make the road safe and free from slides seem to have been successful, as heretofore indicated, and we feel that under existing conditions no further damages from the road maintenance will occur. It seems to be a somewhat heavily traveled county road which as the testimony reveals is and has been receiving the necessary attention of the road authorities in recent years.
As to the item for the trees owned by claimant and cut down during the reconstruction of the road in 1942 we are of the opinion that claimants fully gave their consent to the cutting down of the trees; have the wood or lumber for their use and were materially benefitted by the reconstruction and location of the road.
Considering all of the facts as presented and giving due consideration to the evidence as submitted and the rights of the parties involved, we are of the opinion that a moral obligation rests upon the state to compensate claimants for their loss or damage and accordingly recommend an award in the sum of one hundred and fifty dollars ($150.00).